UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:07-CV-00116

| JANICE COLLINS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| CHEMICAL COATINGS, INC. | ) |
| and TIMOTHY HARWOOD, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This cause is before the Court on Defendant Harwood's Partial Motion to Dismiss (Doc. # 15). Plaintiff did not respond.

### I. Background

On October 25, 2007, Plaintiff Janice Collins filed a complaint in this Court alleging assorted claims arising from her employment with Defendant Chemical Coatings, Inc. ("Chemical Coatings") in Caldwell County, NC. Chemical Coatings employed plaintiff in its international packing and shipping department under Defendant Timothy Harwood's supervision.

Plaintiff's federal and state statutory claims include sexual harassment, discrimination, constructive discharge, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and its state equivalent the N.C. Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. § 143-422.2. Plaintiff's state common law claims against defendants include intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent supervision and retention. These latter claims are not the subject of this motion.

Defendant Harwood filed his Answer to the Complaint on March 3, 2008 denying the material allegations in the Complaint, and asserting his affirmative defenses. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Harwood asks this Court to partially dismiss Plaintiff's Title VII and NCEEPA claims against him.

## II. Applicable Law

Under Rule 12(b)(6), a defendant may move for a dismissal for "failure to state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b)(6). For purposes of a Rule 12(b)(6) motion, this Court "accepts as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff." Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). This Court should not grant this motion to dismiss unless the plaintiff can provide no set of factual circumstances, which would entitle her to relief. Id. Additionally, a court must dismiss a plaintiff's claim where, as a matter of law, such a claim is not recognized. Hishon v. King & Spalding, 467 U.S. 69, 74 (1984).

## III. Analysis

### A. Defendant Harwood's individual liability under Title VII

Defendant Harwood seeks to dismiss the claim against him alleging Title VII violations. In Counts One and Two, plaintiff alleges Title VII violations against both defendants. Specifically, plaintiff alleges gender discrimination, harassment, constructive discharge, disparate treatment due to race in the terms and conditions of her employment, and retaliation. *See* Complaint, Counts One & Two.

Title VII provides employees a remedy against their employers based upon gender and racial discrimination. *See* Lissau v. S. Food. Serv. Inc., 159 F.3d 177, 180 (4th Cir. 1998).The Fourth Circuit has held that Title VII does not provide a cause of action against individuals acting in a

2

managerial or supervisory capacity. *See* Id. at 181. (holding that supervisors are not individually liable).

The Plaintiff makes numerous explicit and implicit references in her complaint that Defendant Harwood is her supervisor. For instance, the Plaintiff claims that in a derogatory remark made against her, the defendant referred to himself as the Plaintiff's supervisor. *See* Complaint, ¶ 21. Furthermore, there are numerous allegations specifically noting that Defendant Harwood works for Chemical Coatings. *See* Complaint, ¶¶ 23, 31, 32. The plaintiff alleges no facts in the complaint indicating that Defendant Harwood was employed as anything but a manager with Chemical Coatings. Taking the facts in the complaint in the light most favorable to the plaintiff, there can be no liability against Defendant Harwood. He was the plaintiff's supervisor, and not her employer, which places him within the exceptions outlined in Lissau. Thus, this Court must dismiss such claims against Defendant Harwood for failure to state a proper legal claim upon which relief may be granted.

B. **Defendant Harwood's individual liability pursuant to the North Carolina Equal Employment Practices Act.**

Defendant Harwood also seeks to dismiss the claims against him alleging NCEEPA violations. In Counts One and Three, Plaintiff alleges NCEEPA violations against both Defendants. She specifically alleges gender discrimination, harassment, constructive discharge, disparate treatment due to race in the terms and conditions of her employment, subjecting her to disparate treatment and wrongful termination. *See* Complaint, Counts One & Three.

The North Carolina Supreme Court has held that federal decisions in discrimination actions guide state law discrimination disputes based upon § 143-422.2. *See* N.C. Dep't of Corr. v. Gibson, 308 N.C. 131, 136, 301 S.E.2d 78, 82 (1983); Cox v. Indian Head Indus., 187 F.R.D. 531

3

(W.D.N.C. 1999). Therefore, as explained in Section A, the Plaintiff cannot bring a claim against Defendant Harwood as her work supervisor.

## IV. Order

For the reasons stated herein, this Court will grant Defendant's Rule 12(b)(6) partial Motion to Dismiss for plaintiff's failure to state a proper legal claim against Defendant Harwood..

**IT IS THEREFORE, ORDERED THAT:**

Defendant Harwood's partial Motion to Dismiss Plaintiff's Complaint is **GRANTED** with respect to the alleged **Title VII and NCEEPA violations**.

Signed: July 29, 2008

Richard L. Voorhees
United States District Judge