IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07cv116

| | | |
|---|---|---|
| JANICE COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CHEMICAL COATINGS, INC.; and | ) | |
| TIMOTHY HARWOOD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the joint consent Motion to Seal. Particularly, the parties seek permission to file under seal plaintiff's healthcare records, investigative records which contain personal and sensitive information of thrid parties, and personnel records of defendant's employees who are not parties to this action. Clearly, the documents described contain highly sensitive personal identifiers and information along with other non-sensitive information.

The sealing of pleadings in this court is governed by Local Civil Rule 6.1 (W.D.N.C. 2008). The rule provides in relevant part as follows:

> **LCvR 6.1    SEALED FILINGS AND PUBLIC ACCESS.**
> **(A)**   *Scope of Rule*.  This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-

making. As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.

**(B)** *Filing Under Seal.* No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.

**(C)** *Motion to Seal or Otherwise Restrict Public Access.* A request by a party to file materials under seal shall be made by formal motion pursuant to LCvR 7.1. Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:

>  **(1)** a non-confidential description of the material sought to be sealed;
>  **(2)** a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
>  **(3)** unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
>  **(4)** supporting statutes, case law or other authority.

* * *

**(E)** *Public Notice.* No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C). Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.

**(F)** *Orders Sealing Documents.* Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.

* * *

L.Cv.R. 6.1(W.D.N.C. 2008).

While the full period under Local Civil Rule 7.1 has yet to expire, the

court deems that there has been sufficient public notice and that no party has indicated a desire to intervene or that any third party is interested in this matter. The court will, therefore, reach the merits of the motion so as not to delay this matter. The court would, of course, consider any objection to sealing filed within the allowed period by revisiting the issue in the event an objection is subsequently filed by a third party.

Next, the court considers the factors contained in Local Civil Rule 6.1(C). The first factor is found in Local Civil Rule 6.1(C)(1), which requires that the parties adequately describe the materials sought to be sealed. The motion complies at pages two through three, with a decscription at paragraphs 2(a)-(c), satisfying the requirement of a " non-confidential description of the material sought to be sealed." L.Civ.R. 6.1(C)(1). The rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed.

The court next considers Local Civil Rule 6.1(C)(2), which requires "a statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R. 6.1(C)(2). Clearly, sealing is necessary to protect sensitive personal health information and identifiers from becoming public

records and redacting the pleadings would result in much of the material being useless. The court finds that there are no alternatives at this point to sealing.

As to Local Civil Rule 6.1(C)(3), the parties have indicated how long such materials should be sealed. Inasmuch as such materials contain personal identifiers and health information that could be harmful at any point, the seal should be permanent and only lifted (automatically) after any such material is purged after the case is terminated and appeals exhausted.

Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the parties to provide citations of law supporting the relief they seek. While the parties cite to an earlier decision of the undersigned, the court has considered the decision of the Court of Appeals for the Fourth Circuit in Media General Operations, Inc. v. Buchanan, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. *Washington Post*, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a

redacted version of the documents that are the subject of the government's motion to seal. *Goetz*, 886 F.2d at 66. Id., at 429. The proposed sealing of the exhibits in this matter appears to be in conformity with prevailing law.

Having considered all of the factors provided in Local Civil Rule 6.1(C), the court will allow the joint Motion to Seal and direct the parties to file any such exhibits under seal, noting thereon that permission was granted by this Order. The court reserves the right to revisit such sealing if objections are filed by third parties within the time allowed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the joint Motion to Seal (#25) is **ALLOWED** and the parties are granted permission to file exhibits, as described in paragraphs 2(a) through 2(c) under seal with reference made to this Order.

Signed: December 1, 2008

Dennis L. Howell
United States Magistrate Judge